# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

**MARCUS T. MOORE**,

**Petitioner,**

**v.**

**UNITED STATES OF AMERICA,**

**Respondent.**                                                  **No. 09-1039-DRH**

## MEMORANDUM and ORDER

**HERNDON, Chief Judge:**

### I. Introduction and Background

Now before the Court is Moore's 28 U.S.C. § 2255 petition to vacate, set aside or correct sentence (Docs. 1, 3 & 4). The United States of America filed its response (Doc. 6). Moore did not file a reply. Based on the record and the applicable case law, the Court denies Moore's 28 U.S.C. § 2255 petition.

On August 21, 2007, without the benefit of a plea agreement, Marcus T. Moore pleaded guilty to four counts of distributing crack cocaine in violation of 21 U.S.C. § 841(a)(1). *United States v. Moore*, 07-40017-DRH; Doc. 25. Prior to sentencing Moore filed objections to the presentence investigation report (*Id*. at 27**)**. On December 18, 2007, the Court sentenced Moore to 188 months imprisonment, the lowest end of the applicable guideline range. *Id*. Docs. 28 & 32. The Court found that Moore was a career offender and had a total offense level of 31, a criminal history category of VI, and a sentencing range of 188-255 months. During

sentencing, Moore was represented by court appointed counsel, Turner Rouse. Thereafter, Moore appealed his sentence and judgment to the Seventh Circuit Court of Appeals. *Id.* Doc. 34.

On appeal, Moore's court appointed counsel, Richard Parsons, filed an *Anders* brief claiming that he cannot find a nonfrivolous basis for appeal. *See Anders v. California*, 386 U.S. 738 (1967). Moore filed a response to his counsel's motion to withdraw and raised several issues. On December 11, 2008, the Seventh Circuit Court of Appeals dismissed Moore's appeal and issued the Mandate on January 5, 2009. *United States v. Moore*, 07-40017-DRH; Doc. 54; *United States v. Moore*, 302 Fed. Appx. 483, 2008 WL 5175676.[1]

On December 15, 2009, Moore filed his 28 U.S.C. § 2255 arguing that his trial counsel was ineffective as he failed to object to an incorrect sentence and failed to identify viable appellate claims. Thereafter, the Court allowed Moore to amend his 2255 petition which he did on January 25, 2010 (Doc. 3).

## II. **Legal Standard**

The Court must grant a § 2255 motion when a defendant's "sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255. More precisely, "[r]elief under § 2255 is available only for errors of

---

[1] On appeal, Moore raised the following issues: whether his guilty plea was knowingly; whether the conclusions in the presentence investigation report were accurate; whether his sentence was unreasonable under the 18 U.S.C. § 3553(a) factors; whether the court failed to consider the disparity between sentences for powder and crack cocaine, his assistance in a state murder case, and his diminished mental capacity; and whether he received ineffective assistance of counsel.

constitutional or jurisdictional magnitude, or where the error represents a fundamental defect which inherently results in a complete miscarriage of justice." *Kelly v. United States,* 29 F.3d 1107, 1112 (7th Cir. 1994) (quotations omitted). As a result, "[h]abeas corpus relief under 28 U.S.C. § 2255 is reserved for extraordinary situations." *Prewitt v. United States,* 83 F.3d 812, 816 (7th Cir. 1996).

Of course, a § 2255 motion does not substitute for a direct appeal. A defendant cannot raise constitutional issues that he could have but did not directly appeal unless he shows good cause for and actual prejudice from his failure to raise them on appeal or unless failure to consider the claim would result in a fundamental miscarriage of justice. *Bousley v. United States,* 523 U.S. 614, 622, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998); *Wainwright v. Sykes,* 433 U.S. 72, 87, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977); *Fountain v. United States,* 211 F.3d 429, 433 (7th Cir. 2000); *Prewitt,* 83 F.3d at 816. Meanwhile, a § 2255 motion cannot pursue non-constitutional issues that were unraised on direct appeal regardless of cause and prejudice. *Lanier v. United States,* 220 F.3d 833, 842 (7th Cir. 2000). The only way such issues could be heard in the § 2255 context is if the alleged error of law represents "a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Addonizio,* 442 U.S. 178, 185, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979).

The failure to hear a claim for ineffective assistance of counsel in a § 2255 motion is generally considered to work a fundamental miscarriage of justice because often such claims can be heard in no other forum. They are rarely

appropriate for direct review since they often turn on events not contained in the record of a criminal proceeding. *Massaro v. United States,* 538 U.S. 500, 504-05, 123 S.Ct. 1690, 155 L.Ed.2d 714 (2003); *Fountain,* 211 F.3d at 433-34. Further, the district court before which the original criminal trial occurred, not an appellate court, is in the best position to initially make the determination about the effectiveness of counsel in a particular trial and potential prejudice that stemmed from that performance. *Massaro,* 538 U.S. at 504-05. For these reasons, ineffective assistance of counsel claims, regardless of their substance, may be raised for the first time in a § 2255 petition.

An evidentiary hearing on a § 2255 habeas petition is required when the motion is accompanied by "a detailed and specific affidavit which shows that the petitioner has actual proof of the allegations going beyond mere unsupported assertions." *Barry v. United States,* 528 F.2d 1094, 1101 (7th Cir. 1976) (footnote omitted). "Mere unsupported allegations cannot sustain a petitioner's request for a hearing." *Aleman v. United States,* 878 F.2d 1009, 1012 (7th Cir. 1989). As will be seen, Moore's allegations are unsupported by the record; subsequently, the Court sees no reason to hold an evidentiary hearing on the issues he raises.

### III. <u>Analysis</u>

The Sixth Amendment to the Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right ... to have the Assistance of Counsel for his defence." U.S. Const. amend. VI. This right to assistance of counsel encompasses the right to *effective* assistance of counsel. *McMann v. Richardson,*

397 U.S. 759, 771 n. 14, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970). A party claiming ineffective assistance of counsel bears the burden of showing (1) that his trial counsel's performance fell below objective standards for reasonably effective representation and (2) that this deficiency prejudiced the defense. *Strickland v. Washington,* 466 U.S. 668, 688-94, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Fountain v. United States,* 211 F.3d 429, 434 (7th Cir. 2000). Either *Strickland* prong may be analyzed first; if that prong is not met, it will prove fatal to plaintiff's claim. *Strickland,* 466 U.S. at 697; *Ebbole v. United States,* 8 F.3d 530, 533 (7th Cir. 1993).

Regarding the first prong of the *Strickland* test, counsel's performance must be evaluated keeping in mind that an attorney's trial strategies are a matter of professional judgment and often turn on facts not contained in the trial record. *Strickland,* 466 U.S. at 689. The petitoner's burden is heavy because the *Strickland* test is "highly deferential to counsel, presuming reasonable judgment and declining to second guess strategic choices." *United States v. Shukri*, 207 F.3d 412, 418 (7th Cir. 2000) (quotations omitted). In other words, the Court must not become a "Monday morning quarterback." *Harris v. Reed*, 894 F.2d 871, 877 (7th Cir. 1990). With regards to the second prong of *Strickland,* the petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Fountain*, 211 F.3d at 434; *Adams v. Bertrand*, 453 F.3d 428, 435 (7th Cir. 2006). "A reasonable probability is defined as one that is sufficient to undermine confidence in an outcome." *Adams,* 453 F.3d

at 435 (citing *Strickland,* 466 U.S. at 694).

In the instant case, the Court cannot say that Moore's counsels' performances significantly prejudiced him or that his counsels' representations fell below an objective standard of reasonableness. Contrary to Moore's assertions now, his trial counsel did raise some of the issues that Moore complains of in his petition.

As to ground one, Moore contends that his trial counsel was ineffective at sentencing for failing to object to treatment of rehabilitation as a reason for imposing a longer term of imprisonment and for failing to object to the Court's advisement at sentencing that probation was precluded by statute. The Court finds that Moore's arguments regarding ground one are misplaced.

The record reveals that Moore's trial counsel did raise the issue regarding rehabilitation when counsel requested a below guideline sentence and argued that Moore be committed to a vocational, rehabilitative program instead of prison:

> Mr. Rouse: He needs to be in a structured environment. He needs to get some kind of vocational rehabilitation or vocational training, which is one of the – which is Section D of 18 U.S.C. Section 3553, to provide the Defendant with needed educational treatment in the most effective manner. And I truly believe that the federal government has more programs that Mr. Moore could benefit from than incarceration in the state.

(Doc. 40; Sentencing Hearing Transcript, ps. 29-30). Further, trial counsel argued that the Court should consider Moore's diminished mental capacity as a factor:

> Mr. Rouse: But I fail to mention – but I wanted to mention this as well, Your Honor, that there are cases, that various circuit opinions have held

> departures both prior to *Booker* and post-*Booker* for diminished mental capacity. I'm not the one who brought up in the fact that he was – that he was a diminished mental capacity. The U.S. Government did that. One case was *U.S. v. Adonis*, 891 Fed.Supp. 336. It's a District of Columbia case, 1990. Then there's – in *U.S. v. Mansori*, 304 Fed. 365, the Seventh Circuit remanded that case and stated that the defendant might be eligible for a diminished capacity departure. And that was a case where he had committed some violent acts, and the Seventh Circuit held that – or at least opined – I won't say they held – opined that those were collateral acts. Mr. Moore is not – he's not a model citizen, Your Honor, but he does deserve a sentence that's both fair to him and harsh enough to serve the goals of 13 – I'm sorry, 3553, Your Honor.
> And with that, Your Honor, I would ask that you reject the 188 months offered by the Government and sentence him to something substantially less, Your Honor. Thank you.

(Id. at 29-31). Thus, Moore's trial counsel in fact raised the issue Moore now accuses him of not raising. The petition must fail on the point.

Further, the record establishes that the Court sentenced Moore based on his crimes and his status as a career criminal and while taking into account rehabilitation. Under the sentencing guidelines, career offenders receive longer sentences than non career offenders. While, the Court did state during sentencing the following:

> "Defendant doesn't have any kind of training whatsoever, so a lengthy prison term with all the resources that are available in the Bureau of Prisons that will provide him with education and vocational training will be of a great deal of benefit to Defendant as well."

Doc. 40; Sentencing Hearing Transcript, p. 48. That statement cannot be construed as imposing a sentence based solely on rehabilitation. In sentencing Moore, the Court addressed all of Moore's arguments in mitigation as well as the Government's arguments in aggravation. After considering the factors of 3553(a), the Court

sentenced Moore to the *lowest* end of the sentencing range.

Further. in dismissing Moore's appeal, the Seventh Circuit noted: "The sentencing transcripts shows that the district court considered all of the § 3553(a) factors, including the dangerousness of his crime, his lengthy criminal history, and his difficult childhood, before sentencing Moore to the bottom of the guidelines range." *United States v. Moore*, 07-40017-DRH; Doc. 54, p. 5; *United States v. Moore*, 302 Fed. Appx. 483, 2008 WL 5175676. The Seventh Circuit also noted that "the record contains no evidence that Moore's diminished mental capacity 'contributed substantially to the commission of the offense,' as required to support a contention that mental incapacity should reduce a sentence." *Id*.

Also in ground one, Moore contends that trial counsel was ineffective for failing to object to the Court's finding that the statute precluded probation. He maintains that because he had a relevant conduct of under 20 grams of crack and had the Court considered a departure from the career offender application combined with the disparity between crack and powder cocaine he would have been entitled to probation. The Court rejects this argument.

The Court's finding that probation was precluded was correct. 18 U.S.C. § 3561(a)(1) provides that "a defendant who has been found guilty of an offense may be sentenced to a term of probation unless (1) the offense is a Class A or Class B felony and the defendant is an individual." Here, the Court determined that an enhancement under 21 U.S.C. § 851 was proper. Under this enhancement, the maximum possible term of imprisonment is thirty years and made Moore's

offenses Class B felony offenses. 18 U.S.C. § 3559(a)(2). Further, Moore is an individual. Thus, probation was not available. 18 U.S.C. § 3561(a)(1). Therefore, Moore's trial counsel cannot be faulted for raising a legally impossible argument. *See Stone v. Farley*, 86 F.3d 712, 717 (7th Cir. 1996); *Martin v. Evans*, 384 F.3d 848, 852 (7th Cir. 2004)("counsel is not required to raise every non-frivolous issue on appeal).

Next, Moore contends that his appellate counsel was ineffective in failing to identify viable issues for appeal. Specifically, Moore argues that his "circumstance did contain an arguable issue pursuant to a violation of 18 U.S.C. § 3582(a) which bars promoting rehabilitation through imprisonment on decisions to imprison a defendant at all or whether to impose a longer prison term. There was also an arguable issue whether the Court erroneously advised Moore his statute of conviction pursuant to 21 U.S.C. § 841(b)(1)(C) precluded the Court from imposing a term of probation." The Court again rejects these arguments.

As stated previously, the Court did not sentence Moore to 188 months imprisonment based on his mental state or to promote rehabilitation through imprisonment. The Court sentenced Moore based on his crimes and his criminal history. The Court sentenced Moore because he is a career offender. In fact, when imposing the sentence, the Court noted that Moore's mental incapacity and difficult upbringing were mitigating factors.

Also stated previously, the Court did not error when it advised Moore that he was not entitled to probation. Thus, Moore's appellate counsel cannot be

faulted for failing to raise a frivolous argument. *Martin*, 384 F.3d at 852.

The Court finds that Moore's claims that his counsel were ineffective are without merit. His assertions (most of which are neither true nor supported by the record) that his counsel were ineffective are insufficient basis to grant him the relief which he seeks. The Court concludes that Moore's attorneys were not ineffective in representing Moore in this criminal matter. In fact, the Court finds that their actions were reasonable and sound in light of the facts and circumstances. Thus, the Court rejects Moore's 28 U.S.C. § 2255 petition/motion. Finally, the Court notes that letting Moore's conviction and sentence stand would not result in a fundamental miscarriage of justice. *Murray v. Carrier*, 477 U.S. 478, 495 (1986).

## IV. CONCLUSION

Accordingly, the Court **DENIES** Moore's 28 U.S.C. § 2255 petition (Docs. 1 & 3). The Court **DISMISSES with prejudice** this cause of action. Further, the Court **DIRECTS** the Clerk of the Court to enter judgment reflecting the same.

**IT IS SO ORDERED.**

Signed this 31st day of March, 2011.

Digitally signed by David R. Herndon
Date: 2011.03.31 11:56:25 -05'00'

**Chief Judge**
**United States District Court**